14-3856
Li v. Lynch

BIA
Balasquide, IJ
A200 927 650

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand fifteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>RICHARD C. WESLEY,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

_____

AN LI,
>*Petitioner,*

>v.                                    14-3856
>                                      NAC


LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        Jay Ho Lee, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal
                       Deputy Assistant Attorney
                       General; Linda S. Wernery,

Assistant Director; Christina Parascandola, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

An Li, a native and citizen of the People's Republic of China, seeks review of a September 18, 2014 decision of the BIA affirming an August 1, 2013 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re An Li*, No. A200 927 650 (B.I.A. Sept. 18, 2014), *aff'g* No. A200 927 650 (Immig. Ct. N.Y.C. Aug. 1, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(per curiam). The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (applying "substantial evidence" standard of review).  Li does not challenge the agency's denial of CAT relief.

Li does not claim that he was persecuted in China; instead he argues that he fears future persecution because he became a Catholic in the United States.  Absent past persecution, an applicant can establish eligibility for asylum if he demonstrates a well-founded fear of future persecution.  *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006).  To do so, he must show that he subjectively fears persecution and that his fear is objectively reasonable.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  There are two ways for an applicant to show objective fear: offering evidence that he would be singled out individually for persecution or proving that a pattern or practice of persecution of similarly situated persons exists in his home country.  *Id*. at 183; 8 C.F.R. §

3

1208.13(b)(2)(iii). Importantly, in order to establish a well-founded fear of persecution in the absence of any evidence of past persecution, "an alien must make some showing that authorities in his [or her] country of nationality are either aware of his [or her] activities or likely to become aware of his [or her] activities." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quoting *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam)).

Li contends that he will be singled out individually for persecution in China, but he did not submit any objective evidence to support this contention or to show that the Chinese government is aware, or likely to become aware, that he is a Catholic. Li himself testified before the IJ that the Chinese government currently is not aware of his Catholic faith and, although stating his intention to continue practicing in China, he did not provide support for how the government would become aware on these grounds. Accordingly, the agency did not err in concluding Li had not demonstrated an individualized well-founded fear of persecution. *See Hongsheng Leng*, 528 F.3d at 143.

Li also argues that there is a pattern or practice of persecution of Catholics in China. To establish a pattern or practice of persecution of a particular group, a petitioner must demonstrate that the harm to that group constitutes persecution, is perpetrated or tolerated by state actors, and is "so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A-M-*, 23 I & N Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92–93 (2d Cir. 2007). Substantial evidence supports the agency's determination that Li did not establish such a pattern or practice. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The IJ explicitly addressed Li's claim and found that the evidence did not show a pattern or practice of persecution of Catholics. *See Santoso v. Holder*, 580 F.3d 110, 112 n.1 (2d Cir. 2009) (per curiam). The agency specifically found that although the evidence showed continued repression of religion and harassment of church groups, such treatment varied by region, was not pervasive in Li's home province of Fujian, and the most severe harm was reserved for church leaders. *See Jian Hui Shao*, 546 F.3d at 149-50, 159-60, 163-65. The agency's

finding is supported by substantial evidence, based on country conditions evidence in the record. Accordingly, the agency did not err in finding that Li had not shown a pattern or practice of persecution of Roman Catholics in China, and as a result is ineligible for asylum or withholding of removal. *See Ramsameachire*, 357 F.3d at 178 (explaining withholding of removal analysis entails "higher burden of proof," such that an alien failing an asylum claim "necessarily fails to establish his entitlement to withholding of removal").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk